The opinion of the Court, was delivered by
Hornblower, C. J.
Shay the defendant below was sued by summons; he did not appear, and the cause was tried and judgment given against him in his absence. Immediately upon the rendition of the judgment, the plaintiff made affidavit of certain facts to shew that defendant was not a freeholder and that unless execution was immediately issued, he was in danger of losing his money ; whereupon the justice issued execution. It is insisted *379 upon the authority of Krumeick v. Krumeick, (2 Green’s R. 39,) that the defendant ought to have had notice of this application, and consequently that the execution was irregularly issued. — ■ The language of the Court, in Krumeick v. Krumeick, is no doubt broad enough to cover this ease; for we there said, that if application was not made immediately upon the rendition of the judgment and, in the presence of the opposite party, notice ought to be given &c. — In that case however, the defendant had appeared; there had been a trial by jury; and no application was made for an execution, until after the proceedings had terminated and the defendant had left the Court; accordingly in that case, it was decided, that “ if the successful suitor, waits until his adversary has retired; or makes his application on a subsequent day, notice ought to be given &o.” We are not inclined to extend the rule any further, than was done in that case, though perfectly satisfied with the principles there laid down. A defendant when duly summoned, cannot by refusing to attend, and disobeying or disregarding the process of the Court, compel the plaintiff to give him a new notice of any motion or application which the plaintiff might lawfully have made, if the defendant had attended. The defendant was bound to know that the plaintiff* if he obtained judgment against him, would have a right to make immediate application for an execution. If then he had no defence to the action, but wished to secure to himself a delay of execution, he ought to have attended, prepared to do so, if execution was applied for in open Court. If the plaintiff neglected to make such application then, he should not be permitted to do it afterwards, without giving notice to the defendant. This was all that was decided upon that point, in Krumeick v. Krumeick.
This execution however would be set aside on another ground, but for an arrangement between the parties. The justice appears to have issued it, as a matter of course, simply because, the plaintiff had made such affidavit, as before stated: Whereas, the justice ought to have been satisfied that the grounds upon which the execution was applied for, were true; and it ought so to appear upon his record. This is the spirit and meaning of the decision in Krumeick v. Krumeick. Otherwise this Court cannot tell, whether the justice acted upon his own belief, or the *380 belief of the plaintiff. In this ease, the defendant had been sued and treated by the plaintiff as a freeholder; and he was therefore entitled to be considered such, until the contrary appeared, to the satisfaction of the Court. We so decided, in the case of Vancleve v. Moore in September term 1835. (Not reported I believe.) But this objection having been obviated by an arrangement between the counsel for the parties, let the proceedings be affirmed.
Eord, J. White, J. and Dayton, J. concurred.

Proceedings affirmed.